**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 24-4369

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ITZEL IVON MEDINA-BELTRAN,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:23-cr-00028-D-BM-1)

───────────────

Submitted:  September 25, 2025                              Decided:  December 16, 2025

───────────────

Before RUSHING and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Daniel M. Blau, DANIEL M. BLAU, ATTORNEY AT LAW, PC, Raleigh, North Carolina, for Appellant.  Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Katherine S. Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Itzel Ivon Medina-Beltran appeals her 120-month prison sentence following her guilty plea to conspiracy to distribute and possess with intent to distribute 50 or more grams of methamphetamine, in violation of 18 U.S.C. § 841(a)(1), 846.  Medina-Beltran argues the district court erred in finding that she did not qualify for the safety valve provision under 18 U.S.C. § 3553(f).  *See* U.S. Sentencing Guidelines Manual § 5C1.2 (2024).  We affirm.

Where applicable, the safety valve provision under § 3553(f) permits a district court to sentence a defendant below an otherwise applicable statutory mandatory minimum term of imprisonment.  *United States v. Henry*, 673 F.3d 285, 292 (4th Cir. 2012); 18 U.S.C. § 3553(f); USSG § 5C1.2.  A defendant seeking application of the safety valve must establish that (1) she does not have more than one criminal history point; (2) she did not use violence, credible threats of violence, or possess a firearm or other dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) she was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise; and (5) "no later than the time of sentencing, [she] truthfully provided the government with all evidence and information [she] had concerning the offense or offenses comprising the same course of conduct or a common scheme or plan."  *Henry*, 673 F.3d at 292-93.

A district court's decision regarding eligibility for relief under the safety valve is a question of fact that we review for clear error.  *Id*. at 292.  "This standard of review permits reversal only if [we are] left with the definite and firm conviction that a mistake has been

committed." *Id.* (internal quotation marks omitted). In conducting this review, we "accord the district court's credibility determinations great deference." *Id.*

Here, the district court found that Medina-Beltran failed to satisfy the requirement of providing truthful information to the Government concerning conduct related to the drug offense. The safety valve requires "broad disclosure from the defendant." *Id.* at 293 (internal quotation marks omitted). The safety valve provision is a "tell-all provision," and "in cases like this one, where the government opposes application of the safety valve, a defendant cannot carry [her] burden of proof without presenting some kind of evidence" that shows she provided all relevant information, more than evidence that is simply consistent with her story. *United States v. Aidoo*, 670 F.3d 600, 607-09 (4th Cir. 2012).

We have reviewed the record and conclude that the district court did not clearly err in finding that Medina-Beltran did not fully disclose to the Government all information related to the offense. Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*